IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHON WHEELER,<br>**Plaintiff** | : | No. 4:23-cv-0986 |
| | : | (Judge Munley) |
| v. | : | |
| WARDEN NYE, et al,<br>**Defendants** | : | |

## MEMORANDUM

### I. Background

Plaintiff, Jonathon Wheeler, an inmate formerly confined in the Columbia County Prison, Bloomsburg, Pennsylvania,[1] filed the above captioned civil rights action, pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are the following Columbia County Prison employees: Warden Nye, Deputy Warden Burns and Nurse Lottie. Id.

Plaintiff alleges that in May 2023, the Columbia County Prison instituted a Medication Assisted Treatment ("MAT") program, into which Plaintiff requested enrollment in order to begin receiving Suboxone. Id. at p.

---

[1] Plaintiff has been released from incarceration and currently resides at 2 Broad Street Riverton, New Jersey, 08077. (See Doc. 23).

3. Plaintiff alleges that he previously received Suboxone while incarcerated at a correctional facility in New Jersey, but that he was not permitted to participate in the MAT program and receive Suboxone while incarcerated at the Columbia County Prison. Id. Plaintiff alleges that he "spoke with medical, the deputy warden, and exhausted all [his] grievances" with respect to his request to be enrolled in the MAT program. Id.

For relief, Plaintiff is "asking to be enrolled in the MAT program and be given [his] Suboxone so the medication can be in [his] system upon [his] release to help urges, carvings and potential overdose." Id.

## II. Discussion

Plaintiff's action seeks only injunctive relief in the way of enrollment into the MAT program and receiving Suboxone prior to his release. (Doc. 1).

An injunction, however, is an "extraordinary remedy" that is never awarded as of right. Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008). The United States Court of Appeals for the Third Circuit has delineated four (4) factors that a district court must consider when ruling on a motion for a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured if the court denies the requested relief; (3) whether

- 2 -

granting the requested relief will result in even greater harm to the nonmoving party; and (4) whether granting the relief will be in the public interest. See Gerardi v. Pellulo, 16 F.3d 1363, 1373 (3d Cir. 1994); Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 1970–98 (3d Cir. 1990). These same factors are used in considering a motion for temporary restraining order. Bieros v. Nicola, 857 F.Supp. 445, 446 (E.D.Pa. 1994). The moving party has the burden of satisfying these factors. Adams v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000). While each factor need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of injunctive relief. Stilp v. Contino, 629 F.Supp.2d 449, 457 (M.D.Pa. 2009) (citing Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir.2002)). In addition, "[a]s these elements suggest, there must be a 'relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" Ball v. Famiglio, 396 Fed. App'x 836, 837 (3d Cir. 2010) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)).

Moreover, the power of a court to issue injunctive relief is also limited and circumscribed by the mootness doctrine. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested

- 3 -

relief, the case must be dismissed as moot." <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698–99 (3d Cir. 1996).

In the instant case, Wheeler seeks only injunctive relief in the form of enrollment in the MAT program and receiving Suboxone. However, Wheeler is no longer confined at the Columbia County Prison. Plaintiff's own communication with the Court reveals that he was released from custody and resides in Riverton, New Jersey. (<u>See</u> Doc. 23).

The Third Circuit Court of Appeals has observed that, when addressing inmate requests for injunctive relief:

> As a preliminary matter, we must determine whether the inmates' claims are moot because "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975) (quotations omitted); <u>see also</u>, <u>Abdul-Akbar v. Watson</u>, 4 F.3d 195, 206 (3d Cir. 1993). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. <u>Abdul-Akbar</u>, 4 F.3d at 197 (former inmate's claim that the prison library's legal resources were constitutionally inadequate was moot because plaintiff was released five months before trial.)

<u>Sutton v. Rasheed</u>, 323 F.3d 236, 248 (3d Cir.2003). This Court has previously held, in a case such as the present, where an inmate seeks injunctive relief against his jailers but is no longer housed at the prison where those injunctive claims arose, his transfer to another institution moots any claims for injunctive or declaratory relief. <u>Fortes v. Harding</u>, 19 F.Supp.2d

- 4 -

323, 326 (M.D.Pa.1998). For these reasons, Plaintiff's pending civil action seeking injunctive relief only must be denied as moot since he is no longer confined at the Columbia County Prison and there is no indication that he will be housed at that facility in the foreseeable future.

### III. Conclusion

For the reasons stated above, the Court will dismiss the above captioned action as moot.

A separate Order will be issued.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Judge

Date: April 4, 2024